IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JEFFERY T. MURRAY,** | ) | |
| Plaintiff, | ) | **CASE NO.:  2:18-cv-702-ECM-GMB** |
| v. | ) | |
| | ) | Honorable Emily C. Marks |
| **WALMART STORES EAST, LP,** | ) | |
| Defendant. | ) | |

**WALMART'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

  **COMES NOW,** Defendant, Walmart Stores East, LP ("Walmart" or "Defendant") files this Answer and Defenses to Plaintiff's Complaint ("Complaint") and would respectfully show the Court as follows:

### I. JURISDICTION

  1. Walmart admits that this Court has jurisdiction over this matter to the extent that Plaintiff asserts claims arising under federal law, but denies that any unlawful employment practices have occurred or that Plaintiff is entitled to any of the relief requested or is otherwise entitled to a judgment of any kind against Walmart.

  2. Walmart admits the existence of the statutes cited in Paragraph 2 of the Complaint, but denies all liability allegedly arising under those statutes.

  3. Walmart admits that Plaintiff has brought this suit within two years of both Plaintiff's date of hire and termination of employment. Walmart denies all liability to Plaintiff under § 1981.

  4. Walmart admits that Plaintiff filed an EEOC charge on November 20, 2017, that a Dismissal and Notice of Rights was issued on May 1, 2018, and that Plaintiff filed his Complaint on July 31, 2018.  All other allegations in Paragraph 4 of the Complaint are denied.

## II. PARTIES

(4 – mis-numbered) Walmart admits the allegations in Paragraph 4 (mis-numbered) upon information and belief, and admits that Plaintiff was employed at Walmart's Distribution Center located at 1005 Sarah G. Lott Boulevard, Troy, Alabama 36081, DC No. 7019.

5. Walmart admits that Walmart Store East, LP is a domestic corporation with a Distribution Center located at 1005 Sarah G. Lott Boulevard, Troy, Alabama 36081.

## III. STATEMENTS OF FACTS AND CAUSES OF ACTION

A. **CLAIM ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT BASED ON RACE AND/OR COLOR (DISPARATE TREATMENT)**

6. Walmart admits the existence of the statutes cited in Paragraph 6, but denies all liability to Plaintiff under those cited statutes.

7. Walmart incorporates its answers to all preceding paragraphs, as if fully restated herein. No admission or denial is necessitated by Paragraph 7.

8. Admitted.

9. Walmart admits that Plaintiff was employed by Walmart beginning on September 20, 2016, as an Order Filler, was notified of his termination on August 8, 2017, and that after an Open Door process, Plaintiff's termination effective date was August 22, 2017. Walmart further admits that Plaintiff's last day worked was August 8, 2017.

10. Walmart denies that Plaintiff was qualified for the position of Order Filler based on his failure to meet performance standards pertaining to attendance.

11. Walmart admits that Plaintiff was notified of his termination on August 8, 2017, and admits that it was his last day worked. Walmart further admits that Plaintiff's termination became effective on August 22, 2017, following an Open Door process.

12. Walmart admits that Plaintiff's termination became effective on August 22, 2017, following an Open Door process.

13. Walmart admits that Plaintiff was terminated for reaching Step 4 in attendance, and that Plaintiff was notified of his termination based on attendance. Walmart otherwise denies the allegations in Paragraph 13 for lack of information sufficient to form a belief therein.

14. Walmart admits the existence of an Open Door policy and that the Human Resources Manager and other, certain management level associates have some discretion to work with an associate on attendance related issues at various stages of its performance tracking process. Walmart denies that all managers and/or supervisors have such discretion or that any manager or supervisor has complete discretion.

15. Walmart admits that the HR Manager and some managers may have been aware that Plaintiff was claiming that he was missing some work because of an alleged medical condition involving his mother. Walmart otherwise denies the allegations contained in Paragraph 15 of the Complaint, and demands strict proof thereof.

16. Walmart admits that during Plaintiff's employment, he was not an eligible employee for FMLA purposes, but denies for lack of information sufficient to justify a belief therein as to the time Plaintiff's mother's asserted medical condition arose. Walmart admits that the HR Manager, through the Open Door process, cancelled some of Plaintiff's absence occurrences and steps. Walmart denies all remaining allegations.

17. Walmart admits that it operates under a Performance Tracking System designed to be progressive accountability for performance and/or behavior failures, and that performance issues are addressed as an occurrence until the issue reaches a step level. Walmart admits that

attendance and punctuality are tracked as part of the performance tracking system and that there are four levels of steps, with the fourth being termination of employment.

18.     Walmart admits that a Step 4 results in termination of employment. Walmart admits that certain levels of management have some discretion with respect to Step 4.

19.     Defendant denies the vague and ambiguous allegations with respect to alleged statements by the HR Manager for lack of sufficient information at this time to either admit or deny. However, Defendant admits that Plaintiff had reached a Step 2, based on absences on January 26 and 27, 2017, and that the HR Manager cancelled the Step 2 for those specific January absences on February 2, 2017.

20.     Defendant admits that by cancelling the Step 2, based on absences on January 26 and 27, 2017, the Step 2 for those specific absences was removed. However, an absence on February 1, 2017, led to another Step 2 later in the day on February 2, 2017. All other allegations in Paragraph 20 are denied.

21.     Defendant denies the vague and ambiguous allegations with respect to alleged statements by the HR Manager for lack of sufficient information at this time to either admit or deny them. However, Defendant admits that on May 31, 2017, the HR Manager cancelled a Step 3 and Step 4, based on absences on February 23 and 24, 2017 (Step 3) and absence on May 18, 2017 (Step 4). Defendant denies the remaining allegations in Paragraph 21, to the extent that an absence on May 25, 2017, resulted in Plaintiff being administered a Step 2 on June 28, 2017.

22.     Defendant denies the vague and ambiguous allegations with respect to alleged statements by the HR Manager for lack of sufficient information at this time to either admit or deny them. However, Defendant admits that absences on June 7, 8, and 9, 2017, resulted in a Step 3 being administered on July 5, 2017, that Plaintiff had an early departure and absence again on

June 13 and 14, 2017, resulting in an occurrence being administered on July 18, 2017, and that yet another absence on June 21, 2017, would have elevated Plaintiff to a Step 4 had it been administered for the June 21, 2017 absence.

23. Defendant admits that the HR Manager directed that the Step 4 for the June 21, 2017 absence be cancelled, such that Plaintiff remained at Step 3. All remaining allegations in Paragraph 23 are denied.

24. Defendant admits that the HR Manager was in off-site training from August 7, 2017 to August 10, 2017. All remaining allegations in Paragraph 24 are denied.

25. Defendant admits that Plaintiff was notified of his termination on August 8, 2017, while the HR Manager was in off-site training, but denies that Plaintiff was unable or prevented from attempting to Open Door with the HR Manager, or other members of management. In fact, Plaintiff did Open Door the Step 4. Defendant further denies any allegations that Plaintiff's managers used the fact that the HR Manager was in off-site training to terminate Plaintiff's employment.

26. Defendant admits that a Step 4 was created and then administered on August 8, 2017, based on Plaintiff's absence on July 11, 2017. Defendant further admits that before the Step 4 could be administered on August 8, 2017, Plaintiff had left work before the conclusion of his shift on or about August 4, 2017.

27. Defendant admits that a Step 4 (termination) was administered on August 8, 2018, based on absences. Defendant denies the vague and ambiguous allegations with respect to alleged statements for lack of sufficient information at this time to either admit or deny them.

28. Defendant admits that Plaintiff was notified of his termination on August 8, 2017 based on a Step 4 and admits that Plaintiff was notified of his termination on a day when the HR

Manager was not at the Distribution Center. Defendant, however, denies any allegation that Plaintiff was notified of his termination without the HR Manager's prior approval or knowledge. Defendant also denies any allegation that Plaintiff was not afforded an opportunity to Open Door his termination.

29. Denied.

30. Denied.

31. Denied.

**PRAYER FOR RELIEF**

Except as specifically admitted herein, Walmart denies the material allegations contained in Plaintiff's Complaint and demands strict proof thereof. Walmart denies all allegations set out in Plaintiff's Prayer for Relief, and Walmart further denies that Plaintiff is entitled to any judgment against it or to any damages or other relief.

**B.    CLAIM TWO – VIOLATIONS OF 42 U.S.C. §1981 BASED ON RACE**

32. Walmart admits the existence of the cited statutes but denies all liability to Plaintiff under the cited statutes.

33. Admitted.

34. Walmart incorporates by reference its Answers to Paragraphs 1-33 as if fully restated herein. No admission or denial is otherwise required in response to Paragraph 34.

35. Denied.

36. Denied.

**PRAYER FOR RELIEF**

Except as specifically admitted herein, Walmart denies the material allegations contained in Plaintiff's Complaint and demands strict proof thereof. Walmart denies all allegations set out

in Plaintiff's Prayer for Relief, and Walmart further denies that Plaintiff is entitled to any judgment against it or to any damages or other relief.

### C. CLAIM THREE – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT OF 1993 (INTERFERENCE CLAIM)

37.  Walmart incorporates its answers to all preceding paragraphs, as if fully restated herein. No admission or denial is necessitated by Paragraph 37.

38.  Admitted.

39.  Defendant admits that Plaintiff spoke to the HR Manager and some of his managers, claiming that some of his absences were because of a medical condition involving his mother. Defendant denies all remaining allegations in Paragraph 39 of the Complaint, including on the basis that they seek a legal conclusion. Walmart denies all liability under the FMLA.

40.  Denied.

41.  As Paragraph 41 calls for a legal conclusion, no admission or denial is required. However, Walmart denies all liability under the cited statute.

42.  As Paragraph 42 calls for a legal conclusion, no admission or denial is required. However, Walmart denies all liability under the cited statute.

43.  Denied.

44.  Denied.

45.  Denied.

### PRAYER FOR RELIEF

Except as specifically admitted herein, Walmart denies the material allegations contained in Plaintiff's Complaint and demands strict proof thereof.  Walmart denies all allegations set out in Plaintiff's Prayer for Relief, and Walmart further denies that Plaintiff is entitled to any judgment against it or to any damages or other relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted.

2. Each and every alleged action or term or condition of employment related to Plaintiff was based upon legitimate, non-discriminatory factors.

3. Walmart maintained a Family and Medical Leave Policy that complied with the FMLA, communicated the policy to Plaintiff and other employees, and made good faith efforts to comply with the FMLA generally and with regard to Plaintiff in particular. As a matter of law, Walmart did not commit a "willful" violation of the FMLA. Plaintiff is not entitled to an award of liquidated damages.

4. Plaintiff was not an eligible employee under the FMLA.

5. Walmart denies the nature and extent of Plaintiff's injuries and/or damages.

6. Plaintiff's claims for relief are barred and/or Walmart is entitled to set off for all amounts earned by Plaintiff since separation of employment; in the alternative, to the extent that Plaintiff has failed to reasonably mitigate his losses, injuries or damages, Plaintiff can have no monetary recovery.

7. Plaintiff's purported FMLA leave request and/or discussions about absence forgiveness were not the motivating cause of Walmart's employment decision, because Walmart would have made the same employment decision even if it has considered Plaintiff's purported FMLA leave request and/or discussions about absence forgiveness.

8. There is no causal connection between Plaintiff's purported FMLA leave request and/or discussions about absence forgiveness, and the termination of his employment.

9. Plaintiff's claims are barred to the extent that the Court lacks personal or subject matter jurisdiction.

10. Insofar as any contention of liability set forth in the Complaint was not expressly raised in an administrative charge of discrimination with the EEOC within the time prescribed by Title VII and applicable statutes referred to therein, or filed in Court within ninety days of receipt of the Dismissal and Notice of Rights, which is pled as a defense and as statutes of limitations, Plaintiff failed to exhaust his administrative remedies as to such claims and failed to timely file the Complaint, such claims are barred and should be dismissed with prejudice.

11. Plaintiff was an at-will employee subject to termination at any time, for any legal reason.

12. Walmart denies any willful, wanton, intentional, or reckless conduct, or other acts or omissions which might entitle Plaintiff to punitive damages.

13. Without admitting that Plaintiff is entitled to claim or receive punitive damages, Walmart asserts all defenses to punitive damages under the laws of the State of Alabama.

14. An award of punitive damages under existing Alabama law would violate the rights of Walmart secured by the 5th, 7th and 14th Amendments of the Constitution of the United States and Article I, Sections 1, 6 and 11 of the Constitution of the State of Alabama in the following separate and several respects:

   a. The existing procedures fail to provide a limit on the amount of the award against Walmart in violation of Walmart's right to procedural and substantive due process.

   b. The existing procedures fail to provide specific standards for the award of punitive damages.

   c. The existing procedures permit multiple awards of punitive damages for the same alleged act.

    d.   The existing procedures fail to provide a clear and consistent appellate standard of review for an award of punitive damages.

    e.   There is no requirement of any relationship between Plaintiff's actual injury and the amount of punitive damages.

    f.   An award of punitive damages as claimed would violate Walmart's right to substantive and procedural due process.

    g.   The procedures and standards pursuant to which Plaintiff's demand for punitive damages would be adjudicated are unconstitutionally vague.

    h.   The existing procedures allow the imposition of vastly different penalties for the same or similar acts.

15.    Plaintiff cannot state a *prima facie* case of race discrimination under 42 U.S.C. §1981 or Title VII, nor can he demonstrate that Walmart's legitimate, non-discriminatory reasons for its actions and/or inactions are pretextual.  Plaintiff also cannot establish that his race was the sole cause, but for cause, or a motivating factor of any of the alleged adverse actions about which he complains.

16.    Walmart's actions and/or inactions were not taken because of Plaintiff's race.  Such considerations, if any, played no role in Walmart's alleged actions and/or inactions, none of Walmart's alleged actions and/or inactions were based upon a specific intent to discriminate, and all of Walmart's actions and/or inactions were based on legitimate, non-discriminatory, and lawful reasons.  Alternatively, Walmart avers that even if such considerations were found to have been a factor in Walmart's actions and/or inactions (which is denied), the same actions and/or inactions would have been taken and/or not taken absent such considerations and, therefore, Plaintiff cannot recover any damages or affirmative relief.

17. Walmart has implemented steps in order to prevent and/or remedy discrimination, including the implementation of policies and complaint procedures, and Plaintiff failed to reasonably avail himself of those procedures or to otherwise avoid harm.

18. Walmart denies that it may be held vicariously liable for alleged discriminatory conduct or employment decisions of its managerial or other associates, or third parties, when such alleged conduct and decisions were contrary to Walmart's good faith efforts to comply with all laws prohibiting discrimination based on race or other unlawful reasons.  Indeed, Walmart is not liable for conduct of Walmart's associates as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and against which Walmart maintains an express policy prohibiting discrimination that is effectively disseminated to all associates. Walmart is further relieved of any liability as to Plaintiff's claims because any unlawful conduct alleged against Walmart's current and/or former associates, which conduct Walmart denies, would have occurred outside the course and scope of their employment. Alternatively, Plaintiff's claims are barred in whole or in part because Walmart exercised reasonable care to prevent and properly correct any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities.

19. Plaintiff is not entitled to, and there can be no equitable relief or recovery of, liquidated damages, compensatory damages, punitive damages, actual damages, mental anxiety damages, lost income, attorneys' fees, costs, expenses, and/or any other monetary recovery and/or damages under the facts of this case, and, as a matter of law, because Walmart has not violated the FMLA, Title VII or 42 U.S.C. §1981; the Complaint fails to allege facts or circumstances sufficient to support such relief, recovery, and/or damages; the relief and recovery sought are unconstitutional and in violation of federal and Alabama state law; and for the reason that all

alleged actions/inactions of Walmart were in good faith, were predicated upon reasonable grounds to believe that its actions/inactions did not constitute violation of any law, were not willful, were not fraudulent, were not extreme or outrageous, and were not taken with actual malice or gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others. Alternatively, the recovery sought by Plaintiff should be capped in conformity with the limitations of 42 U.S.C. §1981a and other applicable laws.

20. Walmart denies any and all allegations of the Complaint not explicitly and expressly admitted herein and reserves the right to amend/supplement this Answer and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

21. Walmart invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

22. Walmart specifically reserves the right to seek reasonable attorneys' fees, expenses, and costs incurred by defending against any of Plaintiff's claims that the Court determines to be frivolous, unreasonable, sanctionable, brought in bad faith, and/or groundless under Rule 11 of the Federal Rules of Civil Procedure and/or 28 U.S.C. §1927.

**WHEREFORE, HAVING ANSWERED,** Walmart respectfully moves the Court, after due proceedings are had, to enter judgment in Walmart's favor on all allegations of the Complaint, dismissing Plaintiff's claims in their entirety, taxing all costs against Plaintiff, awarding Walmart its reasonable attorneys' fees, and granting Walmart all other relief that this Court deems proper.

Respectfully submitted this 23rd day of August 2018.

**COUNSEL FOR DEFENDANT**

*/s/ Stephen L. Scott*
Stephen L. Scott, Esq.
THE KULLMAN FIRM
*A Professional Liability Company*
600 University Park Place, Suite 340
Birmingham, Alabama 35209
T: 205-263-0224 | F: 205-871-5874
SLS@KullmanLaw.com
Assistant Email: LAM@KullmanLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of August 2018, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR PLAINTIFF**
Robert J. Camp, Esq.
Wiggins, Childs, Pantazis,
    Fisher & Goldbarb, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
T: 205-314-0500

*/s/ Stephen L. Scott*
**THE KULLMAN FIRM**